IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT L. WILLIAMS, | ) | No. C 12-2605 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| C.D.C.R., et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

  Plaintiff was an inmate in the Alameda County Jail when filed this civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order.

  Plaintiff claims that Defendants, state prison and parole officials, violated his rights in the course of the investigation and hearing that ultimately led to his placement in custody for violating parole. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). A parole claim that challenges the legality or duration of a prisoner's custody must be brought in habeas. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997); *Young v. Kenny*, 907 F.2d 874,

876-78 (9th Cir. 1990); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Accordingly, the instant civil rights complaint is DISMISSED without prejudice to bringing it as a petition for a writ of habeas corpus. The Court notes that Plaintiff is no longer in jail. He may still be in "custody" for purposes of filing a habeas petition to the extent he is still on parole, however. It is further noted that if Plaintiff wants money damages for Defendants' alleged wrongful conduct, he may not seek such damages in a civil rights action until and unless his parole revocation is invalidated or expunged on appeal, on collateral review or by some other means. *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: July 9, 2012

JEFFREY S. WHITE
United States District Judge

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

ROBERT L WILLIAMS,

        Plaintiff,

  v.

C. D. C. R. et al,

        Defendant.

                              /

Case Number: CV12-02605 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 9, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert L. Williams ANB-118
27724 Andrea Street
Hayward, CA 94541

Dated: July 9, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk